UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

YERACHMIEL HENFIELD
3583 Bainbridge Road
Cleveland Heights, OH 44118

*On Behalf of Himself and All Others Similarly Situated,*

Plaintiff,

v.

RED RESTAURANT OPERATIONS, INC.
c/o MLCL Statutory Agent, Inc.
1111 Superior Avenue East, Suite 2700
Cleveland, OH 44114

and

YLT RED CLEVELAND, LLC
c/o MLCL Statutory Agent, Inc.
1111 Superior Avenue East, Suite 2700
Cleveland, OH 44114

and

ORANGE RED, LLC
c/o MLCL Statutory Agent, Inc.
1111 Superior Avenue East, Suite 2700
Cleveland, OH 44114

Defendants.

CASE NO.

JUDGE:

**PLAINTIFF'S COMPLAINT**

(Jury Demand Endorsed Herein)

Now comes Plaintiff Yerachmiel Henfield, by and through undersigned counsel, and for his Complaint against Defendants Red Restaurant Operations, Inc., YLT Red Cleveland, LLC, and Orange Red, LLC (all Defendants d/b/a "Red the Steakhouse"), states and alleges the following:

**SUMMARY**

1. This is a "collective action" instituted by Plaintiff as a result of Defendants'

practices and policies of not paying tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio R.C. § 4111.01, *et seq*.  Plaintiff brings this case as a collective action under the FLSA, 29 U.S.C. § 216(b), and pursuant to the OMFWSA, Ohio R.C. § 4111.14(K)(2).

2.     Defendants pay their tipped employees below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and, in Ohio, the OMFWSA. Under the tip-credit provisions, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum wage rate by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3.     However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of section 3(m) of the FLSA. *See Id*. (stating the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4.     Moreover, an employer must pay the minimum statutory hourly rate applicable to tipped employees ($2.13 per hour under the FLSA and 50% of the Ohio minimum wage rate), and

the tipped employees tips must make up the rest of the minimum wage requirement. *See* 29 U.S.C. § 203(m). Ohio law establishes a minimum wage within the State of Ohio as adjusted annually by the director of commence, and recognizes that, under certain circumstances, employers may impose a maximum tip credit (not more than 50% of the Ohio minimum wage rate) on the wages of their tipped employees where the tipped employees receive at least the full minimum wage when the tip credit wages and tips they receive are combined. *See* Ohio R.C. 4111.02; Ohio Const., Art. II, Section 34a. The FLSA, in turn, requires that employers comply with any state law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a). Therefore, federal law requires that all Ohio employers comply with the minimum wage standards set forth by Ohio law and limits the maximum allowable tip credit to no more than half of the Ohio minimum wage rate.

5. Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See* 29 CFR 531.56 (e), (f); *Osman v. Grube, Inc.,* No. 16-CV-802, 2017 WL 2908864, at *4 (N.D. Ohio July 7, 2017) (employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir.2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

6. Further, an employer cannot require its tipped employees to perform non-tipped work that is related to, or directly supports, the employees' tipped occupation if such non-tipped work exceeds 20 percent of the employees' time worked during a workweek, or is performed for

a continuous period of 30 minutes or more. *See* 29 CFR 531.56(f)(4); *Harrison v. Rockne's Inc.,* 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017) (Plaintiffs sufficiently alleged a claim when "they alleged that they were required to perform non-tipped related duties more than 20% of their regular work."); *Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time.").

7. Defendants violated the FLSA and OMFWSA in the following respects:

a. **Violation for performing work unrelated to tipped occupation:** Plaintiff and other similarly situated tipped-employees were required to perform excessive amounts of non-tipped work that was unrelated to their tip-producing duties as a server or bartenders each workweek, including but not limited to: cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses.

b. **Violation for performing non-tipped work in excess of 20% of the time spent working per week and/or in excess of 30 minutes for continuous periods of time:** Plaintiff and other similarly situated tipped-employees were required to spend greater than 20% of their time and in excess of 30 minutes for continuous periods of time performing non-tip work, including but not limited to, cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

8. As a result of these violations, Defendants have lost the ability to use the tip credit and therefore must compensate Plaintiff and all similarly situated workers at the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, Defendants must account for the difference between the wages paid to Plaintiff and all similarly situated workers and the minimum wage rate.

**SUBJECT MATTER JURISDICTION AND VENUE**

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et. seq*.

10. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims do not raise novel or complex issues of state law, and those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendants to pay the minimum wage due to a common pay practice of requiring tipped workers to perform work unrelated to their jobs as tipped employees and to perform non-tipped work for an excessive period of time.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' headquarters and principal place of business is located in Cuyahoga County, Ohio, and a substantial part of the events and omissions giving rise to this action occurred in Cuyahoga County, Ohio, including many of the wrongs alleged herein.

**PARTIES AND PERSONAL JURISDICTION**

12. Plaintiff is/was a resident of Cleveland Heights, Ohio.

13. Plaintiff's written consent to this action is attached hereto as Exhibit "A", and written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b) and R.C. 4111.14(K)(2).

14. Defendant Red Restaurant Operations, Inc. is a domestic corporation, organized and existing under the laws of the State of Ohio, that owns and operates a chain of restaurants under the trade name "Red the Steakhouse."

15. Defendant YLT Red Cleveland, LLC is a domestic limited liability company

organized and existing under the laws of the State of Ohio, is a "Red the Steakhouse" restaurant owned and operated by Defendant Red Restaurant Operations, Inc., and is located at: 417 Prospect Avenue East, Cleveland, Ohio 44115.

16.     Defendant Orange Red, LLC is a domestic limited liability company organized and existing under the laws of the State of Ohio, is a "Red the Steakhouse" restaurant owned and operated by Defendant Red Restaurant Operations, Inc., and is located at: 200 Park Ave, Suite 130, Orange Village, Ohio 44122.

## COVERAGE

17.     At all material times, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e), and the OMFWSA, Ohio R.C. §§ 4111.02, 4111.14(B).

18.     At all material times, Plaintiff was an employee engaged in the commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

19.     At all material times, Defendant Red Restaurant Operations, Inc. was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the OMFWSA, Ohio R.C. §§ 4111.02, 4111.14(B).

20.     At all material times, Defendant YLT Red Cleveland, LLC was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the OMFWSA, Ohio R.C. §§ 4111.02, 4111.14(B).

21.     At all material times, Defendant Orange Red, LLC was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the OMFWSA, Ohio R.C. §§ 4111.02, 4111.14(B).

22.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and the OMFWSA, R.C. 4111.14(B), and have enjoyed yearly gross revenue in excess of $500,000.

23. At all material times, Defendant Red Restaurant Operations, Inc. and the Red the Steakhouse restaurants, including Defendants YLT Red Cleveland, LLC and Orange Red, LLC, have operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1) and are "joint employer".

24. At all material times, Defendant Red Restaurant Operations, Inc. and the Red the Steakhouse restaurants have performed related activities through unified operation and common control for a common business purpose.

25. Defendants have an interrelation of operations, common management and human resources, centralized control of labor relations and personnel, common ownership, and common financial control.

26. Red the Steakhouse represents itself to the public as one restaurant operating at multiple locations, advertising themselves through the same website and operating in the same or substantially similar manner under the exact same name.

27. Defendants share employees, pool resources, and share the same labor and employment policies, procedures, and practices, including those complained of herein.

28. Defendants operate under a unified business model and part of their unified business model is the wage violations alleged in this Complaint.

29. Thus, Defendants formed a single "enterprise" and are liable for the violations of the other.

## FACTUAL ALLEGATIONS

30. Defendant Red Restaurant Operations, Inc. is a restaurant chain that owns and operates a chain of restaurants under the trade name "Red the Steakhouse" at multiple locations in the United States.

31.     The Red the Steakhouse restaurants are full-service restaurants that employ tipped employees, including servers, bussers/runners, and bartenders, who provide services to customers. Servers provide table services to customers, including gathering orders from customers and/or delivering food and drinks to the customers. Bussers and runners assisted servers in providing table services to customers, and including by delivering food and drinks, filing water glasses, and/or clearing and setting tables. Bartenders make various alcoholic beverages for customers and serve them to customers.

32.     The tipped employees at the Red the Steakhouse restaurants are subject to the same common labor policies and practices complained of herein.

33.     From approximately April 2023 through May 2023, Plaintiff was employed by Defendants as a busser/runner. During that time, Plaintiff worked at both, Defendant YLT Red Cleveland, LLC and Defendant Orange Red, LLC.

34.     During his employment with Defendants, Plaintiff was paid an hourly wage and received tips from customers.

35.     At all material times, other tipped employees at the Red the Steakhouse restaurants were/are paid an hourly wage and receive tips from customers.

36.     Defendant Red Restaurant Operations, Inc. and the Red the Steakhouse restaurants, including Defendants YLT Red Cleveland, LLC and Orange Red, LLC, attempted to utilize the tip credit to meet their minimum wage obligation to Plaintiff and other tipped employees.

37.     At all material times, Defendants paid Plaintiff and their other tipped employees less than the minimum wage under the law.

38.     Defendants maintained a policy and practice whereby Plaintiff and other tipped employees were required to spend a substantial amount of time performing non-tipped worked.

39.     Plaintiff and other tipped-employees of Defendants were required to perform the following non-exhaustive list of non-tip generating duties each workweek that were not performed contemporaneously with serving customers: cleaning and stocking the serving line; cleaning booths, chairs, high chairs and booster seats; cleaning menus; cleaning drink dispensers and nozzles; cleaning tables; filling and cleaning ketchup and syrup bottles; filling and cleaning salt and pepper shakers; rolling silverware; setting tables; stocking ice; sweeping, cleaning and mopping floors; taking dishes and glasses from the tables to the kitchen; and/or taking out trash.

40.     Plaintiff and other tipped-employees of Defendants frequently spent more than 20% of their time performing these non-tip generating duties, during which they did not interact with customers and could not earn tips.

41.     Plaintiff and other tipped-employees at the Red the Steakhouse restaurants frequently performed these non-tip generating duties for continues periods of time exceeding 30 minutes—between 30 minutes and two hours before and/or after their shift—during which they did not interact with customers and could not earn tips.  Indeed, Defendants required Plaintiff and other tipped employees to arrive prior to the restaurants opening for business when there were no customers and no opportunity to earn tips, to perform manual labor, cleaning, and setup duties.  Likewise, Defendants required the Plaintiff and other tipped employees to remain at the restaurant after it had closed for business and there was no opportunity to earn tips, to perform manual labor cleaning duties.

42.     Defendants also maintained a policy and practice whereby tipped employees at the Red the Steakhouse restaurants were required to perform non-tip producing side work that was unrelated to the employees' tipped occupations, including cleaning ledges; cleaning the kitchen; cleaning walls and items hanging on the walls; cleaning window blinds, windows and window

sills; cleaning the bathrooms; and/or washing trays, appliances, silverware, dishes and/or glasses, amongst other activities. As a result, Plaintiff and other tipped employees were engaged in dual occupations while being compensated at the tip credit rate. While performing these non-tip generating duties, they did not interact with customers and could not earn tips.

43. By requiring Plaintiff and other tipped employees to perform non-tipped work unrelated to their tipped occupation (i.e., "dual jobs"), and excessive amounts of non-tipped worked even if related to their tipped occupation, while being paid the sub-minimum tip credit wage rate, Plaintiff and other tipped employees were illegally undercompensated for their work.

44. Upon information and belief, Defendants did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendants were capable of doing so. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track the specific tasks for Plaintiff and other tipped employees.

45. Upon information and belief, Defendants use a point-of-sale system to record hours worked by tipped employees. Defendants then analyze the information collected by this system, including the labor costs at each of the restaurants. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track the specific tasks for Plaintiff and other tipped employees.

46. Upon information and belief, in the point-of-sale system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

47. However, Defendants did not allow their tipped employees to clock-in at the full minimum wage rate when performing non-tipped work described in this Complaint.

48. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiff and other tipped employees.

49. As such, Plaintiff and the other tipped employees were not compensated at the federally and state mandated minimum wage.

50. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

51. Defendants knew or should have known that their policies and practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out an illegal pattern and practice regarding the tipped employees at the Red the Steakhouse restaurants. Defendants' method of paying Plaintiff and other tipped employees was not based on a good faith and reasonable belief that their conduct complied with the law.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

53. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All current and former tipped employees who worked for Defendants for at least one week during the three-year period prior to the filing of this action to the present. ("FLSA Class")

54. Plaintiff has actual knowledge, through conversations with his co-workers that a

class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

55.     Plaintiff is unable to state at this time the exact size of the FLSA Class, but upon information and belief, it consists of more than 100 persons.

56.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages, liquidated damages, attorneys' fees, and costs under the FLSA.

57.     The FLSA Class members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the FLSA.

58.     Plaintiff and the FLSA Class members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

59.     Plaintiff is representative of those other employees and acting on behalf of their interests as well as his own in bringing this action.

60.     The FLSA Class members are known to Defendants and their names and addresses are readily identifiable through Defendants' records.

61.     The FLSA Class members may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

62.     To the extent required by law, notice will be provided to the FLSA Class members by first class mail, email, text message, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## OHIO COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff brings Count Two of this collective action on behalf of himself and a class of similarly situated current and former employees in the state of Ohio, which is comprised of the following:

> All current and former tipped employees who worked for Defendants for at least one week in Ohio during the three-year period prior to the filing of this action to the present. ("Ohio Class")

64.     Plaintiff has actual knowledge, through conversations with his co-workers that a class of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

65.     Plaintiff is unable to state at this time the exact size of the Ohio Class, but upon information and belief, avers that it consists of more than 100 persons.

66.     The Ohio Class members are similarly situated to Plaintiff in that they share the same duties and were subject to the same violations of the OMFWSA.

67.     Plaintiff and the Ohio Class members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

68.     The Ohio Class members are known to Defendants and their names and addresses are readily identifiable through Defendants' records.

69.     The Ohio Class members may readily be notified of this action and allowed to opt-in pursuant to Ohio R.C. 4111.14(K)(2), for the purpose of collectively adjudicating their claims for unpaid compensation, liquidated damages, attorneys' fees, and costs under the OMFWSA.

70.     To the extent required by law, notice will be provided to the Ohio Class members by first class mail, email, text message, or by the use of techniques and a form of notice similar to

those customarily used in representative actions.

**COUNT ONE**

**(Fair Labor Standards Act Violations)**

71. Plaintiff incorporates the preceding paragraphs by reference.

72. This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wages. *See* 29 U.S.C. § 206.

73. Plaintiff and the FLSA Class members were paid hourly rates less than the federal minimum wage while working for Defendants.

74. Plaintiff and the FLSA Class members were not exempt from the minimum wage requirements of the FLSA.

75. Defendants' failure to comply with the minimum wage requirements of the FLSA, and, in particular, the tip credit requirements, resulted in Plaintiff and the FLSA Class members being paid less than the federal minimum wage rate.

76. Defendants' practice and policy of not paying Plaintiff and the FLSA Class members the minimum wage for the hours they worked in a workweek violated the FLSA, 29 U.S.C. § 206.

77. Defendants' practices and policies violated the tip credit provision of the FLSA, 29 U.S.C. §203(m).

78. Defendants' practice of failing to inform their employees of their intent to rely on the tip credit to meet their minimum wage obligations violates the FLSA.

79. Defendants' failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other tipped employees (including records reflecting hours worked performing non-tipped work) violated the FLSA, 29 C.F.R. § 516.2(a)(7).

80. By engaging in the above-described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA. Defendants' failure to pay the minimum wage to Plaintiff and the FLSA Class, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

**COUNT TWO**

**(Ohio Minimum Fair Wage Standard Act Violations)**

81. Plaintiff incorporates the preceding paragraphs by reference.

82. This count arises from Defendants' violation of the OMFWSA for failure to pay minimum wages to Plaintiff and the Ohio Class members.

83. During their employment with Defendants, Plaintiff and the Ohio Class members were not exempt from the minimum wage provisions of the OMFWSA.

84. Defendants paid Plaintiff and the Ohio Class members below the minimum wage rate in Ohio, in violation of the OMFWSA.

85. Defendant's practice and policy of not paying Plaintiff and the Ohio class members the minimum wage for the hours they worked in a workweek violated the OMFWSA, Ohio R.C. §§ 4111.02, 4111.14.

86. Defendants' failure to keep accurate records of the hours worked each workday and workweek by Plaintiff and other similarly situated servers (including records reflecting hours worked performing non-tipped work) violated the OMFWSA, Ohio R.C. §§ 4111.03, 4111.14.

**WAGE DAMAGES SOUGHT**

87. Plaintiff and the FLSA Class members are entitled to receive the difference between the Federal minimum wage of $7.25 an hour and the tip credit adjusted minimum wage for each

hour they worked.

88. Plaintiff and the Ohio Class members are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage for each hour they worked.

89. Plaintiff and the FLSA Class members are entitled to liquidated damages.

90. Plaintiff and the Ohio Class members are entitled to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to them.

91. Plaintiff, the FLSA Class members, and the Ohio Class members are also entitled to recover their attorney's fees and costs, as required by the FLSA and Ohio law.

**PRAYER FOR RELIEF**

92. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

a. Issue an order permitting this litigation to process as a collective action;

b. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14(K);

c. Award Plaintiff and the classes he represents actual damages for unpaid wages, including minimum wage compensation unadulterated by the tip credit;

d. Award Plaintiff and the FLSA Class liquidated damages in amount equal to the unpaid wages found due to Plaintiff and the FLSA Class under the FLSA;

e. Award Plaintiff and the Ohio Class liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the Ohio Class members under the OMFWSA;

f. Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements;

g. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate; and

h. Award Plaintiff and the classes he represents such other and further relief to which they may be entitled, both in law and in equity.

**JURY DEMAND**

93. Pursuant to his rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury as to all claims and issues so triable.

Respectfully submitted,

/s/ *Matthew S. Grimsley*

Matthew S. Grimsley (0092942)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
matthew@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

*Attorneys for Plaintiff*